

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

May 19, 1969

Honorable Harry B. Kelton, Director
Texas National Guard Armory Board
West Austin Station
Austin, Texas 78703

Opinion No. M– 396

Re: Whether the Texas
National Guard
Armory Board can
act independently of
the State Building
Commission in the
awarding of construction
contracts on the basis
of open-market sealed
bids for armory constru-
tion and related

Dear Mr. Kelton:

questions.

Your request for an opinion asks the following
questions:

"In your opinion, can the Armory Board act
independently of the State Building Commission on
the following functions?:

"1. The development of armory construction
and related projects.

"2. The selection of a qualified registered
architect or engineer and awarding an architect-
engineer contract for design and construction super-
vision of armory and related projects.

"3. The awarding of construction contracts
on the basis of open-market sealed bids for
armory construction and related projects.

"In the event your opinion is affirmative
on any of the above functions, can the State
Comptroller legally draw warrants, payable from
funds in the State Treasury, in payment of such
services and/or contracts?"

The powers of the State Building Commission, in
regard to State building projects, are prescribed in
Article 678f, Vernon's Civil Statutes, known as the State
Building Construction Administration Act. The purpose of
said act is set out in Section 1 as follows:

"The purpose of this Act is to provide for
the orderly planning of buildings constructed by
the State, to provide for adequate inspection
in the State's interest of building construction
work in progress, and to provide for reasonably
accurate projections of building program require-
ments, and estimates of the cost of proposed proj-
ects prior to legislative appropriations or
specific authorizations for the construction and
equipping of such projects.

"The Legislature hereby declares that the
policy of the State of Texas in regard to proj-
ects constructed under the provisions of this
Act shall be to provide requisite physical facili-
ties for the operation of State government in an
architectural form which will represent the
dignity of the State of Texas and which shall
be aesthetically pleasing. Designs shall adhere
to established construction practices and utilize
materials, methods and equipment of proven de-
pendability to the end that projects shall be
economical to construct, operate and maintain."

Section 3 of Article 678f provides certain
exceptions not applicable to your request. In addition
to the projects excluded by Section 3, Section 4 makes
additional exclusions. Section 4 provides in part:

"In addition to the projects excluded by Section 3 of this Act, it is specifically provided that nothing in this Act shall apply to:

"(A) Projects constructed by or under the supervision of any public authorities created by the laws of this State, or

". . ."

The powers of the Texas National Guard Armory Board are contained in Title 97A of the Revised Civil Statutes of Texas, 1925, as amended, being Articles 5931-1 through 5931-13, Vernon's Civil Statutes.  The general powers of the Texas National Guard Armory Board are stated in Article 5931-4, as follows:

"The board shall constitute a public authority and a body politic and corporate and shall possess all powers necessary for the acquisition, construction, rental, control, maintenance, and operation of all Texas National or Texas State Guard Armories, including all property and equipment necessary or useful in connection with the armories."

In addition to the general powers of the Texas National Guard Armory Board, Article 5931-5 provides certain specific powers of the Armory Board, as follows:

"The board shall possess but is not limited to the following powers:

". . .

"(2)  to enter into contracts in connection with any matter within the objects, purposes or duties of the board. . .

". . .

"(7)   to construct buildings on any of its
real property, whether held in fee simple or
otherwise, and to furnish and equip the same and
to hold, manage and maintain all of said property. . .

"(8)   from time to time, to borrow money,
and to issue and sell bonds, debentures, and other
evidences of indebtedness for the purposes of
acquiring one or more building sites and buildings,
and for the purpose of constructing, remodeling,
repairing, and equipping one or more buildings,. . .

". . ."

Articles 5931-4 and 5931-5, Vernon's Civil Statutes,
are articles dealing specifically with specified powers of
the Texas National Guard Armory Board, while Article 678f,
Vernon's Civil Statutes, applies to State building construction
generally.  Also, the provisions of Articles 5931-1 through
5931-13 were enacted subsequent to Article 678f.  Furthermore,
Section 4 of Article 678f specifically excludes projects
constructed by or under the supervision of any public authority
created by the laws of this State.  The Texas National Guard
Armory Board by statutory definition (Article 5931-4) is
such public authority.

You are therefore advised that the Armory Board
has the power and authority to act independently of the State
Building Commission on the items and activities referred
to in your request, namely, the development of armory
construction and related projects; the selection of a
qualified registered architect or engineer and awarding an
architect-engineer contract for design and construction
supervision of armory and related projects; and the awarding
of construction contracts on the basis of open-market sealed
bids for armory construction and related projects.

Honorable Harry B. Kelton, page 5   (M-396)

In answer to your last question, you are advised that the Comptroller of Public Accounts may legally draw warrants, payable from funds in the State Treasury, appropriated to the Armory Board for such purposes in the payment of such services and/or contracts.

S U M M A R Y

Pursuant to the provisions of Article 5931-4 and 5931-5, Vernon's Civil Statutes, the Texas National Guard Armory Board may act independently of the State Building Commission on the development of armory construction and related projects; the selection of a qualified registered architect or engineer and awarding an architect-engineer contract for design and construction supervision of armory and related projects; and the awarding of construction contracts on the basis of open-market sealed bids for armory construction and related projects.

The Comptroller of Public Accounts may legally draw warrants, payable from funds in the State Treasury, appropriated to the Armory Board for such purposes in the payment of such services and/or contracts.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John Reeves
Assistant Attorney General

-1970-

Honorable Harry B. Kelton, page 6 (M-396)


APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
George Kelton, Co-Chairman
Marvin Sentell
Sam McDaniel
Rex H. White
Wardlow Lane

W. V. Geppert
Staff Legal Assistant

Hawthorne Phillips
Executive Assistant